Jon Williford, OBA #19598
LAW OFFICE OF JON WILLIFORD
620 North Robinson, Suite 203
Oklahoma City, Oklahoma  73102
Telephone: (405) 239-2454
Facsimile:  (405) 605-2284
E-Mail:     jon@jonwillifordlaw.com

*Local Counsel for Plaintiff*

Keenan D. Kmiec (*)
James A. Hunter (*)
HUNTER & KMIEC
111 West 7th Street, No. 913
Los Angeles, California  90014
Telephone: (917) 859-7970
Facsimile:  (646) 462-3356
E-Mail:     kmiec@hunterkmiec.com

           hunter@hunterkmiec.com

*Counsel for Plaintiff*

*(\*) Motion for admission pro hac pending.*

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| DONNA ANN GABRIELE CHECHELE, | |
| Plaintiff, | ECF CASE |
| — v. — | No.  CIV-10-1286-M |
| TOM L. WARD, | |
| Defendant, | COMPLAINT FOR RECOVERY OF SHORT-SWING PROFITS UNDER 15 U.S.C. § 78p(b) |
| — and — | |
| SANDRIDGE ENERGY, INC., | |
| Nominal Defendant. | |

Plaintiff Donna Ann Gabriele Chechele, by her attorneys, hereby complains of Defendants, averring as follows:

## INTRODUCTION

1.      This is an action to recover "short-swing" profits under Section 16(b) of the Securities Exchange Act of 1934, as amended (the "Act"), 15 U.S.C. § 78p(b).  Section 16(b) is a strict liability statute.  Plaintiff must prove only that Defendant was an insider of a public company who profited from the purchase and sale of the company's stock or derivative securities within a period of less than six months.  Evidence about Defendant's intent, misuse of information, or bad faith is irrelevant.  Congress understood that Section 16(b) would be a trap for the unwary but found it necessary to enact this sweeping prophylactic statute to deter the misuse of information by the insiders of America's public companies.

2.      In this action, Plaintiff alleges that Defendant Tom L. Ward was an insider of Nominal Defendant SandRidge Energy, Inc. ("SandRidge") who engaged in substantial transactions in SandRidge common stock and derivative securities.  These transactions are alleged to be the equivalent, under the rules and regulations of the U.S. Securities and Exchange Commission ("SEC"), of buying SandRidge common stock on one day and then selling it less than six months later at a significant profit.  That is exactly what the Act prohibits, and that is why Mr.

Ward must return to SandRidge his unlawfully realized profits.

## JURISDICTION AND VENUE

3.    Jurisdiction is conferred upon this Court by Section 27 of the Act, 15 U.S.C. § 78aa.

4.    Venue is properly laid in this District under Section 27 of the Act, 15 U.S.C. § 78aa, because Defendant Tom L. Ward and Nominal Defendant SandRidge are both found in this District and because many of the acts and transactions described herein occurred in this District.

## THE PARTIES

5.    Plaintiff Donna Ann Gabriele Chechele is a New Jersey resident and shareholder of SandRidge.

6.    Nominal Defendant SandRidge is a Delaware corporation with principal offices at 123 Robert S. Kerr Avenue, Oklahoma City, Oklahoma 73102.  This action is brought in the right and for the benefit of SandRidge, which is named as a nominal party solely to have all necessary parties before the Court.

7.    Defendant Tom L. Ward is the President, Chief Executive Officer, and Chairman of the Board of Directors of SandRidge.  Upon information and belief, Defendant Tom L. Ward resides in Oklahoma City, Oklahoma.

## STATUTORY REQUISITES

8.     The violations of Section 16(b) of the Act described herein involve non-exempt securities in non-exempt transactions engaged in by non-exempt persons within the meaning of the Act.

9.     At all relevant times, the common stock of SandRidge was registered pursuant to Section 12 of the Act, 15 U.S.C. § 78*l*, and was listed for trading on the New York Stock Exchange.

10.     Demand for prosecution was made on SandRidge by Plaintiff on August 6, 2010.  More than 60 days have passed since such demand was made, during which time SandRidge has failed or refused to file suit.  Further delay in filing suit would be a futile gesture.

11.     This action is brought within two years of the occurrence of the violations described herein or within two years of the time when reports required by Section 16(a) of the Act, 15 U.S.C. § 78p(a), setting forth the substance of the transactions here complained of were first filed with the SEC.

## FACTUAL ALLEGATIONS

12.     At all relevant times, Defendant Tom L. Ward was an officer of SandRidge and was subject to Section 16 of the Act.

**The October 2008 Warrant Sale**
**(Equivalent to the Sale of 3,807,107 Shares at $10.45 per Share)**

13.     On October 30, 2008, Defendant Tom L. Ward sold a warrant to purchase 3,807,107 shares of SandRidge common stock.

14.     For purposes of Section 16 of the Act and the rules and regulations of the SEC thereunder, the sale of the warrant as described in paragraph 13 above was deemed to be equivalent in all respects to the sale by Defendant Tom L. Ward of 3,807,107 shares of SandRidge common stock.

15.     For purposes of Section 16 of the Act and the rules and regulations of the SEC thereunder, the price at which Defendant Tom L. Ward was deemed to have sold the 3,807,107 shares of common stock as described in paragraph 14 above was $10.45 per share, more or less.  Upon information and belief, $10.45 per share was the market price prevailing for SandRidge common stock publicly traded on the New York Stock Exchange on October 30, 2008 at the time that such sale was deemed to have occurred.

**The December 2008 Warrant Amendment**
**(Equivalent to the Purchase of 3,807,107 Shares at $5.62 per Share**
**and to the Simultaneous Sale of 6,672,598 Shares at $5.62 per Share)**

16.     On December 31, 2008, Defendant Tom L. Ward agreed with the purchaser of the warrant described in paragraph 13 above to amend the warrant's terms.  The amendments increased the number of shares of SandRidge

common stock subject to the warrant from 3,807,107 shares to 6,672,598 shares and fixed the exercise price and expiration date of the warrant.

17.     For purposes of Section 16 of the Act and the rules and regulations of the SEC thereunder, the amendment of the warrant as described in paragraph 16 above was deemed to be equivalent in all respects to (i) the cancellation or repurchase by Defendant Tom L. Ward of the outstanding warrant to purchase 3,807,107 shares of SandRidge common stock; and (ii) the simultaneous sale by Defendant Tom L. Ward of a new warrant to purchase 6,672,598 shares of SandRidge common stock having the amended terms to which Defendant Tom L. Ward and the purchaser of the warrant had agreed.

18.     For purposes of Section 16 of the Act and the rules and regulations of the SEC thereunder, the cancellation or repurchase by Defendant Tom L. Ward of the outstanding warrant to purchase 3,807,107 shares of SandRidge common stock as described in paragraph 17 above was deemed to be equivalent in all respects to the purchase by Defendant Tom L. Ward of 3,807,107 shares of SandRidge common stock.

19.     For purposes of Section 16 of the Act and the rules and regulations of the SEC thereunder, the sale by Defendant Tom L. Ward of the new warrant to purchase 6,672,598 shares of SandRidge common stock as described in

paragraph 17 above was deemed to be equivalent in all respects to the sale by Defendant Tom L. Ward of 6,672,598 shares of SandRidge common stock.

20.     For purposes of Section 16 of the Act and the rules and regulations of the SEC thereunder, the price at which Defendant Tom L. Ward was deemed to have purchased the 3,807,107 shares of SandRidge common stock as described in paragraph 18 above and sold the 6,672,598 shares of SandRidge common stock as described in paragraph 19 above was, in each case, $5.62 per share.  Upon information and belief, $5.62 per share was the market price prevailing for SandRidge common stock publicly traded on the New York Stock Exchange on December 31, 2008 at the time that such purchase and such sale were deemed to have occurred.

### The December 2008 Put Sale
### (Equivalent to the Purchase of 8,896,797 Shares at $5.62 per Share)

21.     On December 31, 2008, Defendant Tom L. Ward sold an option to sell 8,896,797 shares of SandRidge common stock.

22.     For purposes of Section 16 of the Act and the rules and regulations of the SEC thereunder, the sale of the option as described in paragraph 21 above was deemed to be equivalent in all respects to the purchase by Defendant Tom L. Ward of 8,896,797 shares of SandRidge common stock.

23.     For purposes of Section 16 of the Act and the rules and regulations of the SEC thereunder, the price at which Defendant Tom L. Ward was deemed to have purchased the 8,896,797 shares of SandRidge common stock as described in paragraph 22 above was $5.62 per share, more or less.  Upon information and belief, $5.62 per share was the market price prevailing for SandRidge common stock publicly traded on the New York Stock Exchange on December 31, 2008 at the time that such purchase was deemed to have occurred.

### The December 2008 Private Sale
### (Sale of 8,896,797 Shares at $5.62 per Share)

24.     On December 31, 2008, Defendant Tom L. Ward sold 8,896,797 shares of SandRidge common stock in a privately negotiated transaction at a price of $5.62 per share.

### The April 2009 Open Market Sale
### (Sale of 3,000,000 Shares at $7.46 per Share)

25.     On April 23, 2009, Defendant Tom L. Ward sold 3,000,000 shares of SandRidge common stock on the open market at a price of $7.46 per share.

## FIRST CLAIM FOR RELIEF
## (AS TO DEFENDANT TOM L. WARD)

26.     Plaintiff realleges and incorporates by reference the allegations in paragraphs 1-25 above.

27.     Defendant Tom L. Ward had a direct or indirect pecuniary interest in all of the shares of common stock and derivative securities purchased or sold as described in paragraphs 13-25 above.

28.     Some or all of the sales (deemed or actual) by Defendant Tom L. Ward of shares of SandRidge common stock as described in paragraphs 14-15, 19-20, and 24-25 above occurred within six months of, and at prices higher than, the purchases (deemed or actual) by Defendant Tom L. Ward of shares of SandRidge common stock as described in paragraphs 18, 20, and 22-23 above.

29.     Each of the warrant sold by Defendant Tom L. Ward on October 30, 2008 as described in paragraph 13 above and the put option sold by Defendant Tom L. Ward on December 31, 2008 as described in paragraph 21 above expired unexercised, or was cancelled, less than six months after its original date of sale.

30.     As a result of the transactions described in paragraphs 28-29 above, Defendant Tom L. Ward realized profits and received in-kind option premiums, in each case in an amount to be determined at trial.  Upon information

and belief, the aggregate cash value of such profits and premiums exceeds $20 million.

31.     Pursuant to Section 16(b) of the Act, the profits and premiums realized and received by Defendant Tom L. Ward as described in paragraph 30 above inured to and are the lawful property of SandRidge, recoverable by Plaintiff in its stead, SandRidge having failed or refused to seek recovery of the same.

## SECOND CLAIM FOR RELIEF
## (AS TO DEFENDANT TOM L. WARD)

32.     Plaintiff realleges and incorporates by reference the allegations in paragraphs 1-31 above.

33.     This Second Claim for Relief is a precaution against possible errors of detail attributable to gaps or inaccuracies in the public record, the failure of Defendant Tom L. Ward to file reports as required by Section 16(a) of the Act, or against the discovery or execution of additional short-swing trades during the course of this action.

34.     Defendant Tom L. Ward purchased and sold shares of SandRidge common stock (or derivative securities thereof) within periods of less than six months.

35.     These sales and purchases cannot be identified by Plaintiff with specificity because they have not been publicly reported, and Defendant Tom L. Ward failed or refused to disclose these trades (or the lack thereof) upon inquiry from Plaintiff's counsel.

36.     These sales and purchases within periods of less than six months resulted in recoverable profits or option premiums, their exact amount being unknown to Plaintiff, which profits and premiums inured to and are the lawful property of SandRidge, recoverable by Plaintiff in its stead, SandRidge having failed or refused to seek recovery of the same.

## DEMAND FOR JURY TRIAL

37.     Plaintiff respectfully demands a trial by jury as to all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment:

(a)     Requiring Defendant Tom L. Ward to account for and pay over to SandRidge the short-swing profits and option premiums recoverable from him under Section 16(b) of the Act, together with appropriate pre- and post-judgment interest and the costs of this suit;

(b)     Awarding to Plaintiff her costs and disbursements including

        reasonable attorney's, accountant's, and expert witness fees; and

(c)     Granting to Plaintiff such other further relief as the court may deem

        just and proper.


Dated: December 1, 2010
        Oklahoma City, Oklahoma

                                LAW OFFICE OF JON WILLIFORD

                                By:  s/Jon Williford_____

                                    Jon Williford, OBA #19598
                                    620 North Robinson, Suite 203
                                    Oklahoma City, Oklahoma  73102
                                    Telephone:  (405) 239-2454
                                    Facsimile:  (405) 605-2284
                                    E-Mail:      jon@jonwillifordlaw.com

                                *Local Counsel for Plaintiff*

                                    Keenan D. Kmiec (*)
                                    James A. Hunter (*)
                                    HUNTER & KMIEC
                                    111 West 7th Street, No. 913
                                    Los Angeles, California  90014
                                    Telephone: (917) 859-7970
                                    Facsimile:  (646) 462-3356
                                    E-Mail:      kmiec@hunterkmiec.com
                                                 hunter@hunterkmiec.com

                                *Counsel for Plaintiff*

                                *(*) Motion for admission pro hac
                                    pending.*