# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| DONNA ANN GABRIELE CHECHELE,<br><br>Plaintiff,<br><br>vs.<br><br>TOM L. WARD,<br><br>Defendant,<br><br>and<br><br>SANDRIDGE ENERGY, INC.,<br><br>Nominal Defendant. | Case No. CIV-10-1286-M |

## ORDER

Before the Court is defendant Tom L. Ward's ("Ward") Motion for Certification Pursuant to 28 U.S.C. § 1292(b), filed May 3, 2011. On May 24, 2011, plaintiff filed her response, and on May 31, 2011, Ward filed his reply. Based upon the parties' submissions, the Court makes its determination.

Plaintiff filed the instant action on December 1, 2010, seeking disgorgement of short-swing profits under Section 16(b) of the Securities Exchange Act of 1934, as amended, 15 U.S.C. § 78p(b). On February 15, 2011, Ward moved to dismiss plaintiff's Complaint. On April 13, 2011, the Court issued an order denying Ward's motion to dismiss.[1] Defendant now moves, pursuant to 28 U.S.C. § 1292(b), for an order certifying for interlocutory appeal the Court's April 13, 2011 Order.

Section 1292(b) provides, in pertinent part:

---

[1] In its order, the Court found that because it had found that the December Amendment was a purchase, for purposes of ruling on Ward's motion to dismiss, the Court need not determine whether the December 2008 Put Right was also a purchase.

> When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order.

28 U.S.C. § 1292(b). All of the statutory requirements of Section 1292(b) must be satisfied to warrant certification for immediate interlocutory appeal by a district court. *Ahrenholz v. Bd. of Trustees of Univ. of Ill.*, 219 F.3d 674, 676 (7th Cir. 2000). Thus, in determining whether to certify an order for interlocutory appeal, a court must find the following: (1) the order is not otherwise appealable;[2] (2) the order involves a controlling question of law; (3) there is substantial ground for difference of opinion as to the question at issue; and (4) an immediate appeal will materially advance the termination of litigation.

Having carefully reviewed the parties' submissions, the Court finds that the statutory requirements of Section 1292(b) are not met in this case. Specifically, in light of plaintiff's claims, and particularly plaintiff's claim that the December 2008 Put Right was a purchase of a derivative security under Section 16(b), which are not affected by the Court's April 13, 2011 Order and which would remain even if the Tenth Circuit reversed this Court's April 13, 2011 Order, the Court finds that its April 13, 2011 Order does not involve a "controlling" question of law and an immediate appeal will not materially advance the termination of litigation. In fact, the Court finds that far from resolving or accelerating this litigation, an immediate appeal of this Court's April 13, 2011 Order would slow down the instant litigation and would save neither significant time nor resources of the parties or the Court. Additionally, the Court finds that Ward has not demonstrated that there is

---

[2] There is no dispute that the Court's April 13, 2011 Order is not otherwise appealable by statute.

substantial ground for difference of opinion with respect to the issues addressed in the Court's April 13, 2011 Order.

Accordingly, the Court DENIES Ward's Motion for Certification Pursuant to 28 U.S.C. § 1292(b) [docket no. 27].

**IT IS SO ORDERED this 23rd day of June, 2011.**

VICKI MILES-LaGRANGE
CHIEF UNITED STATES DISTRICT JUDGE