### IN THE UNITED STATES DISTRICT COURT FOR THE
### WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| DONNA ANN GABRIELE CHECHELE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. CIV-10-1286-M |
| ) | |
| TOM L. WARD, ) | |
| ) | |
| Defendant, ) | |
| ) | |
| and ) | |
| ) | |
| SANDRIDGE ENERGY, INC., ) | |
| ) | |
| Nominal Defendant. ) | |

### ORDER

Before the Court is nominal defendant SandRidge Energy, Inc.'s ("SandRidge") Motion for Protective Order Quashing Plaintiff's Fed. R. Civ. P. 30(b)(6) Notice of Deposition, filed August 16, 2012. On September 7, 2012, plaintiff filed her response, and on September 17, 2012, SandRidge filed its reply. Based upon the parties' submissions, the Court makes its determination.

In this action, plaintiff seeks disgorgement from defendant Tom L. Ward ("Ward"), pursuant to Section 16(b) of the Securities and Exchange Act, 15 U.S.C. § 78p(b), of profits plaintiff alleges Ward to have made in connection with certain transactions in common stock issued by SandRidge between Ward and a non-party, George B. Kaiser ("Kaiser"). Ward is the Chairman and Chief Executive Officer of SandRidge. No claims are asserted by or against SandRidge; it is merely a nominal defendant.

On July 20, 2012, plaintiff served notice of deposition pursuant to Federal Rule of Civil Procedure 30(b)(6) on SandRidge. The notice lists the following 13 topics for discussion:

1. The five-year warrant granted by Tom L. Ward on or about October 28, 2008, entitling Pooled CIT Investments, LLC to purchase 3,807,107 shares of SandRidge common stock ("SandRidge Shares") from Mr. Ward (the "October Warrant").
2. The approximately $57 million loan granted by George Kaiser to Tom L. Ward on October 28, 2008 (the "October Loan").
3. The amendments to the October Warrant on December 31, 2008 increasing the number of SandRidge Shares subject to the October Warrant from 3,807,107 shares to 6,672,598 shares (the "December Amendment").
4. The December 31, 2008 transaction whereby Tom L. Ward and George Kaiser refinanced the October Loan.
5. Tom L. Ward's sale of 8,896,797 SandRidge Shares to George Kaiser at $5.62 per share on December 31, 2008, including Mr. Kaiser's contingent right to "put" the 8,896,797 shares back to Mr. Ward at $5.62 per share if Mr. Kaiser was not satisfied with the results of his due diligence investigation into SandRidge (the "Put Right").
6. The December 31, 2008 sale by Tom L. Ward of 8,896,797 SandRidge Shares on the open market at a price of $5.62 per share.
7. The April 23, 2009 sale by Tom L. Ward of 3,000,000 SandRidge Shares on the open market at a price of $7.46 per share.
8. Any contemporaneous analysis or projections of the expected or actual value of the SandRidge Shares subject to the October Warrant, the October Loan, the December Amendment, the Put Right, and/or the December 31, 2008 and/or April 23, 2009 open market sales.
9. Any internal discussions or communications regarding Plaintiff's August 6, 2010 letter to SandRidge's Board of Directors (the "August 2010 Letter").
10. Any review or investigation by SandRidge that was performed in response to the August 2010 Letter, including but not limited to review or investigation of the transactions described in topics 1-7.
11. Sandridge's written response to the August 2010 Letter on October 1, 2010.
12. Any Form 4 filed by Tom L. Ward with the United States Securities and Exchange Commission related to the transactions described in topics 1-7.

>    13.  Any communications, whether oral or written, between SandRidge and/or its representatives, on the one hand, and Tom L. Ward and/or his representatives, on the other, regarding the transactions described in topics 1-7.

Notice of Deposition of the Corporate Representative of SandRidge Energy, Inc., attached as Exhibit 1 to SandRidge's Motion for Protective Order Quashing Plaintiff's Fed. R. Civ. P. 30(b)(6) Notice of Deposition, at 2-3. These topics fall into two categories: (1) Topics 1-8, 12, and 13 concern the transactions at issue in plaintiff's complaint, as well as other transactions that were part and parcel with those transactions, and (2) Topics 9-11 concern SandRidge's handling of the statutorily required demand letter sent by plaintiff to SandRidge before this action was filed.

SandRidge moves this Court, pursuant to Federal Rule of Civil Procedure 26(c), for a protective order quashing the Rule 30(b)(6) deposition. SandRidge asserts that the deposition topics are overbroad, are unduly burdensome, and seek information not relevant to any claims or defenses in this action and not calculated to lead to the discovery of admissible evidence. SandRidge further asserts that a deposition of its corporate representative on those topics would be duplicative and unnecessary.

Rule 26(c) provides, in pertinent part:

> The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including one or more of the following:
>
>    (A)  forbidding the disclosure or discovery;
>
>                    *          *          *
>
>    (D)  forbidding inquiry into certain matters, or limiting the scope of disclosure or discovery to certain matters; . . . .

Fed. R. Civ. P. 26(c)(A),(D). Additionally, Rule 26(b)(2)(C) provides:

> On motion or on its own, the court must limit the frequency or extent of discovery otherwise allowed by these rules or by local rule if it determines that:
>
> (i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive;
> (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or
> (iii) the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues.

Fed. R. Civ. P. 26(b)(2)(C).

SandRidge contends that Topics 1-8, 12, and 13 are unreasonably cumulative and duplicative and seek testimony that not only is obtainable from some other source that is more convenient and less burdensome, but testimony that plaintiff has obtained or will obtain from other sources. SandRidge was not a party to any of the transactions at issue in this action. SandRidge contends that with the exception of Scott Hartman, whose deposition plaintiff has noticed in his individual capacity, no current SandRidge employee was involved in the negotiation of the transactions or has unique personal knowledge about them.

In her response, plaintiff states that Ward has identified three SandRidge employees who are likely to have discoverable information about the transactions at issue in this case – Scott Hartman, Candy Lasater, and Debby Richardson. Plaintiff asserts that the testimony she seeks is not cumulative or duplicative because she has not and will not receive SandRidge's sworn testimony unless her Rule 30(b)(6) notice is honored. Additionally, plaintiff contends that even assuming that

SandRidge's designated representative would not have any additional information beyond what Ward or Kaiser would testify to, the notice is still proper because SandRidge's designated witness could help clarify gaps in the record or memory lapses from other deponents.  In its reply, SandRidge asserts the fact that plaintiff has taken the deposition of Ward and has noticed and scheduled the depositions of the individuals who negotiated the structure and terms of the transactions on behalf of Ward and on behalf of Kaiser, including Mr. Hartman, Ms. Lasater, and Ms. Richardson, further establishes the cumulative and duplicative nature of any testimony regarding Topics 1-8, 12, and 13 by a SandRidge corporate representative.

Having carefully reviewed the parties' submissions, the Court finds that any deposition testimony from SandRidge's corporate representative, who does not have direct knowledge of the transactions, would be unreasonably cumulative and duplicative of testimony that plaintiff has taken and intends to take from witnesses who possess direct knowledge of the transactions at issue. Accordingly, the Court finds that Topics 1-8, 12, and 13 of the Rule 30(b)(6) deposition notice should be quashed.

SandRidge contends that evidence regarding Topics 9-11 is likely to be privileged and is not reasonably calculated to lead to the discovery of admissible evidence as there is no issue concerning plaintiff's demand letter or SandRidge's response to it.  Plaintiff contends that any information SandRidge possesses about its handling of plaintiff's demand letter – including steps SandRidge took to address the demand letter, its communications with Ward regarding the demand letter, any valuation of the transactions at issue, any determination about whether Ward profited from the transactions, and SandRidge's rationale for rejecting plaintiff's demand – would be highly relevant because this information would speak directly to the merits of plaintiff's lawsuit.  While plaintiff

acknowledges that privileged issues could arise with these topics, plaintiff asserts that any privilege issues can be dealt with as they arise, as in any other deposition.

Having carefully reviewed the parties' submissions, the Court finds that testimony regarding Topics 9-11 is relevant and/or reasonably calculated to lead to the discovery of admissible evidence. Additionally, the Court concurs with plaintiff that any privilege issues that arise during the deposition can be handled in the same manner as they are in any other deposition. Accordingly, the Court finds that the Rule 30(b)(6) deposition notice should not be quashed as to Topics 9-11.

Therefore, the Court GRANTS IN PART and DENIES IN PART SandRidge's Motion for a Protective Order Quashing Plaintiff's Fed. R. Civ. P. 30(b)(6) Notice of Deposition [docket no. 85] as follows: (1) the Court GRANTS the motion for protective order as to Topics 1-8, 12, and 13 and QUASHES Topics 1-8, 12, and 13 of the Notice of Deposition of the Corporate Representative of SandRidge Energy, Inc., and (2) the Court DENIES the motion for protective order as to Topics 9-11.

**IT IS SO ORDERED this 25th day of September, 2012.**

VICKI MILES-LaGRANGE
CHIEF UNITED STATES DISTRICT JUDGE