**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| DONNA ANN GABRIELLE CHECHELE, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>TOM L. WARD, )<br>)<br>Defendant, )<br>)<br>and )<br>)<br>SANDRIDGE ENERGY, INC., )<br>)<br>Nominal Defendant. ) | Case No. CIV-10-1286-M |

## ORDER

Before the Court is plaintiff's Motion to Compel Production of Nonprivileged Documents from SandRidge Energy, Inc., filed September 12, 2012. On September 19, 2012, defendant Tom L. Ward ("Ward") filed his response, and nominal defendant SandRidge Energy, Inc. ("SandRidge") filed its response. On September 24, 2012, plaintiff filed her reply. Based upon the parties' submissions, the Court makes its determination.

In the case at bar, plaintiff alleges that Ward violated Section 16 of the Securities Exchange Act by engaging in purchases and sales of common stock issued by SandRidge during a six-month period and made a profit from doing so. On June 15, 2011, plaintiff served a Request for Production of Documents on SandRidge. In order to respond to the request, counsel for SandRidge determined the identity of people who have e-mail accounts on SandRidge's computer system that might contain responsive documents. Among the potentially knowledgeable people who SandRidge discovered to have such e-mail accounts were Ward, Scott Hartman ("Hartman"), and Scott Mueller ("Mueller"). In reviewing the emails, SandRidge's counsel discovered that they contained

responsive communications between Ward, Hartman and Mueller, on the one hand, and Ward's counsel, on the other hand, in connection with the transactions inquired about in plaintiff's document request. SandRidge's counsel advised Ward's counsel of its possession of these emails and then honored Ward's counsel's request that SandRidge treat those documents as covered by privileges belonging to Ward and withhold them from its production of responsive documents. SandRidge served logs of the documents it withheld as covered by its own privileges and separate logs of the documents it withheld at the request of Ward.[1]

Plaintiff now moves the Court to order SandRidge to produce the documents it withheld at the request of Ward. Plaintiff contends that the emails were not "confidential," that any privilege has been waived, and that even if the communications were made in confidence, and the privilege was not waived, the emails likely are not privileged. Specifically, with respect to waiver, plaintiff contends that because Ward, Mueller, and Hartman freely communicated with Ward's personal attorneys using their SandRidge corporate email accounts, any personal privilege that Ward may have enjoyed was waived.

Ward's employment contract with SandRidge expressly provides that he may use SandRidge's computer system for personal business. Further, all employees of SandRidge are permitted to use SandRidge's computer system for personal business. SandRidge has in place a Computer, E-mail, Telephone and Internet Usage policy. That policy provides, in pertinent part:

> 8. E-mail is not guaranteed to be private or confidential. All electronic communications are Company property. Therefore, SandRidge reserves the right to examine, monitor, and regulate e-

---

[1] The emails withheld as covered by SandRidge's own privileges are not at issue in this motion to compel.

>     mail messages, directories and files, as well as any Internet usage. . . .
>
>     9. Internal and external e-mail messages are considered business records and may be subject to discovery in the event of litigation. Be aware of this possibility when sending any e-mail messages, both within and outside the Company.

Computer, E-mail, Telephone and Internet Usage policy, attached as Exhibit 1 to the Declaration of Todd Coates in Support of SandRidge Energy, Inc.'s Response to Plaintiff's Motion to Compel Production on Nonprivileged Documents from SandRidge Energy, Inc., at ¶¶ 8, 9.

"The proponent of the attorney-client privilege bears the burden of establishing both that the communications at issue are privileged and that the privilege was not waived. *United States v. Jones*, 696 F.2d 1069, 1072 (4th Cir. 1982); *United States v. Bump*, 605 F.2d 548, 551 (10th Cir. 1979)." *United States v. Lewis*, No. 90-4066, 1991 WL 172666, at *3 (10th Cir. Sept. 5, 1991). In determining whether the use of work e-mail accounts waive the attorney-client privilege, courts have reviewed the matter on a case-by-case basis, under general privilege principles. "Specifically, courts have sought to determine whether the employee, as a practical matter, had a reasonable expectation that the attorney-client communications would remain confidential despite being stored on a company's computer system." *United States v. Hatfield*, No. 06-CR-0550 (JS), 2009 WL 3806300, at *8 (E.D.N.Y. Nov. 13, 2009). Courts have developed the following four factor test to determine whether information stored on an employer's computer waives a confidential communication for purposes of the attorney-client privilege: "(1) Is there a company policy banning personal use of e-mails?; (2) Does the company monitor the use of its e-mails?; (3) Does the company have access to all e-mails?; and (4) Did the company notify the employee about these policies?" *Alamar Ranch,*

*LLC v. County of Boise*, No. CV-09-004-S-BLW, 2009 WL 3669741, at *3 (D. Idaho Nov. 2, 2009).[2]

Having carefully reviewed the parties' submissions, and particularly noting SandRidge's Computer, E-mail, Telephone and Internet Usage policy, and having considered the factors set forth above, the Court finds that Ward had no objectively reasonable expectation of privacy or confidentiality regarding his attorney-client communications and effectively waived the attorney-client privilege for those communications. While SandRidge allows its employees, and specifically allowed Ward, to use its e-mail accounts for personal business, SandRidge's Computer, E-mail, Telephone and Internet Usage policy clearly notifies SandRidge's employees that their e-mails are not guaranteed to be private or confidential, that their e-mails are considered SandRidge property, that SandRidge reserves the right to examine, monitor, and regulate e-mail messages, and that e-mail messages are considered business records and may be subject to discovery in the event of litigation.

Further, SandRidge states that it does not manage personal e-mail on its computer system, and, although it reserves the right to, it has not reviewed the content of its employee's e-mails. However, "most Courts have not required evidence that the employer actually did so. Rather, the employer's reservation of the right to do so has sufficed as a basis for concluding that employees had no reasonable expectations of privacy." *Hanson v. First Nat'l Bank*, Civil Action No. 5:10-0906, 2011 WL 5201430, at *6 (S.D.W.Va. Oct. 31, 2011) (internal citations omitted). Additionally,

---

[2] A few courts have also included how the employer interpreted its computer usage policy as a fifth factor to consider. *See Degeer v. Gillis*, No. 09 C 6974, 2010 WL 3732132, at * 9 (N.D. Ill. Sept. 17, 2010). Because the Court finds that SandRidge's computer usage policy clearly and specifically addresses the privacy of e-mails and even provides for what happens in the event of litigation, the Court finds there is no need to consider this fifth factor.

it is undisputed that SandRidge had a right of access to the e-mails and that Ward was fully aware of SandRidge's Computer, E-Mail, Telephone and Internet Usage policy.

Based upon the above, the Court finds it is unreasonable for Ward, in light of the notice he received through SandRidge's Computer, E-Mail, Telephone and Internet Usage policy, to reasonable expect his attorney-client communications would remain confidential despite being stored on SandRidge's computer system. The Court, thus, finds that Ward has waived any attorney-client privilege he may have had with respect to these e-mails and that these e-mails should be produced to plaintiff. Accordingly, the Court GRANTS plaintiff's Motion to Compel Production of Nonprivileged Documents from SandRidge Energy, Inc. [docket no. 124] and ORDERS SandRidge to produce, within seven (7) days of the date of this Order, the highlighted documents identified on Exhibits 3 and 4 to plaintiff's motion to compel in their unredacted form.

**IT IS SO ORDERED this 28th day of September, 2012.**

VICKI MILES-LaGRANGE
CHIEF UNITED STATES DISTRICT JUDGE