**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| DONNA ANN GABRIELE CHECHELE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. CIV-10-1286-M |
| ) | |
| TOM L. WARD, ) | |
| ) | |
| Defendant, ) | |
| ) | |
| and ) | |
| ) | |
| SANDRIDGE ENERGY, INC., ) | |
| ) | |
| Nominal Defendant. ) | |

## ORDER

Before the Court is defendant's Motion for Leave to Narrowly Re-Open Discovery and Revise the Scheduling Order, filed October 5, 2012. On October 9, 2012, plaintiff filed her response, and on October 11, 2012, defendant filed his reply. Based upon the parties' submissions, the Court makes its determination.

Defendant requests that discovery be re-opened in this case for the limited purpose of allowing discovery regarding plaintiff's standing to bring this action. Specifically, defendant asserts that in plaintiff's deposition, taken on September 25, 2012, plaintiff revealed for the first time facts that indicate that she may not be the beneficial owner of, or have a financial interest in, the sole share of SandRidge Energy, Inc.'s common stock on which she establishes her statutory right to pursue this action. Defendant further contends that should such facts be established, plaintiff is without standing to maintain this action and it must be dismissed.

A district court has wide discretion in determining whether to reopen discovery. *See SIL-FLO, Inc. v. SFHC, Inc.*, 917 F.2d 1507, 1514 (10th Cir. 1990). The Tenth Circuit has identified

the following relevant factors for district courts to consider when determining whether to reopen discovery:

> 1) whether trial is imminent, 2) whether the request is opposed, 3) whether the non-moving party would be prejudiced, 4) whether the moving party was diligent in obtaining discovery within the guidelines established by the court, 5) the foreseeability of the need for additional discovery in light of the time allowed for discovery by the district court, and 6) the likelihood that the discovery will lead to relevant evidence.

*Id.* (quoting *Smith v. United States*, 834 F.2d 166, 169 (10th Cir. 1987)).

Having carefully reviewed the parties' submissions, and considering the factors set forth above, the Court finds that defendant's request to reopen discovery for the limited purpose of allowing discovery regarding plaintiff's standing to bring this action should be denied. This case is set on the Court's November 2012 trial docket, and as defendant states in his motion, "trial is fast approaching." Additionally, plaintiff vehemently opposes defendant's request. Third, plaintiff would experience at least some prejudice by reopening discovery. The thrust of the discovery which defendant seeks to engage in specifically involves plaintiff's attorney, and it likely could take plaintiff's attorney a significant amount of time to respond to the discovery requests – time which plaintiff's counsel would not be able to devote to preparing for the upcoming trial.

Additionally, the Court finds that defendant has not been sufficiently diligent to justify reopening discovery. While defendant asserts that he timely noticed plaintiff's deposition for September 13, 2012, "well before the discovery cut-off," defendant's motion at 5, the discovery cut-off was October 1, 2012, and defendant provides no explanation for why he waited until less than a month prior to the discovery deadline to take, what appears to be, a fairly crucial witness' deposition. Further, in June 2012, defendant received all documents relating to plaintiff's

transaction in SandRidge Energy Inc.'s stock, including all brokerage statements, that he had subpoenaed from TD Ameritrade, plaintiff's broker. Based upon defendant's receipt of the documents from TD Ameritrade, the Court finds the issues of whether plaintiff is the beneficial owner of, or has a financial interest in, the sole share of SandRidge Energy, Inc.'s common stock and whether she has standing to bring this action would have been foreseeable in June 2012. In fact, in his response to plaintiff's motion for partial summary judgment, defendant, based upon the brokerage statements, raises the issue of whether plaintiff or her attorney is the actual owner of the share of SandRidge Energy, Inc.'s common stock. *See* Defendant's Memorandum of Law in Opposition to Plaintiff's Motion for Partial Summary Judgment at 3. The Court finds that waiting until August 30, 2012 to notice plaintiff's deposition for September 13, 2012, when the alleged issue of whether plaintiff had standing was foreseeable in June, 2012, simply is not diligent.

Finally, it would appear that the requested limited discovery would provide relevant evidence. However, a thorough review of the portions of plaintiff's deposition testimony attached to the parties' submissions reveals that plaintiff's testimony does not support defendant's contention that plaintiff may not be the beneficial owner or have a financial interest in the share of SandRidge Energy, Inc.'s common stock. Throughout plaintiff's deposition, she clearly testifies that it was her money that was spent to purchase the share of SandRidge Energy, Inc.'s stock, that her attorney was acting on her behalf, and that any money that was borrowed from her attorney occurred after the purchase of the share of stock.

Accordingly, for the reasons set forth above, the Court DENIES defendant's Motion for Leave to Narrowly Re-Open Discovery and Revise the Scheduling Order [docket no. 174].

**IT IS SO ORDERED this 16th day of October, 2012.**

VICKI MILES-LaGRANGE
CHIEF UNITED STATES DISTRICT JUDGE